IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

```
MARWAN RANSOM,                  )
                                )
Plaintiff,                      )
                                )
vs.                             )   CAUSE NO. 3:12-CV-065
                                )
BRUCE LEMMON,                   )
et al.,                         )
                                )
Defendants.                     )
```

**OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss Plaintiff's Complaint, filed by Defendants on February 24, 2012. For the reasons set forth below, the Motion to Dismiss Plaintiff's Complaint (DE #8) is **DENIED AS MOOT**.

**BACKGROUND**

Plaintiff, Marwan Ransom, originally filed his Complaint against various State[1] and Medical[2] Defendants in LaPorte Superior Court, LaPorte County, Indiana. (DE #1.) Though counsel, the

---

[1] The Complaint originally named the State of Indiana, Indiana Department of Corrections ("DOC"), Bruce Lemmon, Edwin G. Buss, Mark Levenhagen, Officer T. Bean, Lieutenant Cain, and Officer C. Johnson (collectively, "State Defendants").

[2] The Complaint originally named Correctional Medical Services Inc. (n/k/a Corizon, Inc.), Barbara Brubaker APN/NP, Janet Suleski RN, Medical Provider "A," and Medical Provider "B" (collectively, "Medical Defendants").

Medical Defendants removed the action to this Court on February 1, 2012 (DE #2), and they filed an Answer on February 9, 2012. (DE #6.) The State Defendants, on the other hand, filed a Motion to Dismiss Plaintiff's Complaint on February 24, 2012. (DE #8.)[3] On May 21, 2012, Plaintiff filed a Motion for Leave to File Amended Complaint. (DE #16.) He attached the proposed Amended Complaint to the motion as an exhibit. (DE #16-1.) That same day, Plaintiff also filed a Response to the State Defendants' Motion to Dismiss, asserting that the Motion to Dismiss should be denied because the Motion for Leave to File Amended Complaint "substantively addresses the arguments" presented and that the proposed Amended Complaint "makes substantive and specific allegations" that "properly address[] the Plaintiff's claims for relief." (DE #17, pp. 1-2.) On June 4, 2012, the State Defendants filed a Brief in Opposition to Plaintiff's Motion to Amend Complaint. (DE #18.) Plaintiff filed his reply on June 11, 2012. (DE #19.)

On June 26, 2012, Magistrate Judge Christopher Nuechterlein granted in part and denied in part Plaintiff's Motion for Leave to File Amended Complaint, indicating that Plaintiff "may amend the complaint consistent with this order." (DE # 20, p. 5.)

On July 10, 2012, the State Defendants filed an Answer to the proposed Amended Complaint. (DE #21.) However, the proposed

---

[3] The Motion to Dismiss Plaintiff's Complaint was subsequently amended. (See DE #14.)

Amended Complaint only appeared on the docket as an exhibit to the Motion for Leave to Amend, and it had not been revised pursuant to Magistrate Judge Nuechterlein's June 26th Order. Therefore, this Court ordered the Answer stricken as premature and directed Plaintiff to file an Amended Complaint consistent with the Order (DE #20) issued by Magistrate Judge Nuechterlein, on or before August 10, 2012. The Plaintiff filed the Amended Complaint as directed on August 4, 2012.

**DISCUSSION**

Plaintiff's Amended Complaint (DE #23) is now the controlling document in this case. An amended complaint becomes controlling once it is filed because the prior pleading is withdrawn by operation of law. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); see also *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). Because the Amended Complaint supersedes the Original Complaint, Defendants' Motion to Dismiss is **DENIED AS MOOT**.

There is no Motion to Dismiss related to the Amended Complaint on file. As such, any ruling on the Amended Complaint would be wholly inappropriate. See *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006)(noting that a court "cannot *sua sponte* enter summary judgment or dismiss a complaint without notifying the parties of its intentions and allowing them an

opportunity to cure the defect in the complaint or to respond.")


**CONCLUSION**

For the reasons set forth above, the Motion to Dismiss (DE #8) is **DENIED AS MOOT**.


DATED: August 9, 2012          /s/RUDY LOZANO, Judge
                               United States District Court